**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Wayne Redkey,<br><br>          Plaintiff,<br><br>v.<br><br>First Western Trust Bank Incorporated, et al.,<br><br>          Defendants. | No. CV-23-00542-PHX-DLR<br><br>**ORDER** |

Before the Court is Plaintiff's application to proceed without prepaying fees and costs (Doc. 2), which the Court will grant.

The Court additionally screens Plaintiff's complaint, noting that it must dismiss a case filed without paying fees if "at any time the court determines" that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

The Court lacks subject matter jurisdiction over the complaint and must dismiss it. Federal courts can only hear cases over which they have subject matter jurisdiction. *Biden v. Texas*, 142 S.Ct. 2528, 2539 (2022). There are two kinds of subject matter jurisdiction: (1) diversity jurisdiction and (2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. A court has diversity jurisdiction when the parties are diverse—that is, no plaintiff and no defendant are citizens of the same state—and the amount in controversy exceeds $75,000.

28 U.S.C. § 1332. Here, Plaintiff and several of the defendants are citizens of Arizona, defeating diversity, and thus diversity jurisdiction. (Doc. 9.)

The complaint alleges that the Court has federal question jurisdiction. A court has federal question jurisdiction when the Plaintiff's claims arise out of federal law. 28 U.S.C. § 1331. Here, Plaintiff alleges that Defendants violated his Fifth and Fourteenth Amendment rights to due process. (Doc. 9 at 2.) But these amendments only constrain government actors, and the complaint does not plausibly allege that Defendants—all of whom are private individuals or entities—are government actors. Therefore, Plaintiff has not stated any claim arising out of federal law.

Plaintiff's remaining claims all arise out of Arizona law. This Court passes no judgment on the plausibility of those claims. If Plaintiff wishes to pursue his state law claims, he must file his case in a state court.

**IT IS ORDERED** that Plaintiff's application to proceed without prepaying fees and costs (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint (Doc. 9.) is dismissed without prejudice. The Clerk of the Court shall terminate any other motions as moot and terminate this matter.

Dated this 9th day of May, 2023.

Douglas L. Rayes
United States District Judge